UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| RISEN ENERGY CO., LTD. | ) |
| Plaintiff, | ) |
| v. | ) Court No. 22-0221 |
| UNITED STATES, | ) |
| Defendant. | ) |

## COMPLAINT

On behalf of Risen Energy Co., Ltd. ("Risen"), a Chinese producer and exporter of Crystalline Silicon Photovoltaic Cells, we hereby bring this civil action and allege the following:

### Parties

1. Risen Energy Co., Ltd. ("Risen") is a Chinese producer and exporter of Crystalline Silicon Photovoltaic Cells ("Solar Cells") and was a mandatory respondent in the eighth solar cells antidumping administrative review for the period December 1, 2019 through November 30, 2020.

2. Defendant is the United States of America acting by and through the U.S. Department of Commerce (the "Department").

### Jurisdiction

3. This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (2)(B)(iii) to contest the Department's final results of the administrative review under 19 U.S.C. §1675. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the*

*People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2019-2020*, 87 Fed. Reg. 38379 (June 28, 2022) ("Final Results"), *incorporating* Issues and Decision Memorandum ("Final IDM"). Accordingly, this Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## Standing

4. Risen is a foreign producer and exporter of subject merchandise. The subject merchandise includes solar cells as well as modules, laminates, and panels consisting of solar cells. Risen participated as an individually examined mandatory respondent in the antidumping administrative review resulting in the contested Final Results. Accordingly, Risen is an interested party within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A).

5. In addition, because the Department's Final Results overstated Risen's antidumping duty margin, Risen has been adversely affected and aggrieved by agency action within the meaning of 5 U.S.C. § 702. Therefore, Risen has standing to bring this action under 28 U.S.C. § 2631(c).

## Timeliness

6. Notice of the Final Results was published in the Federal Register on June 28, 2022. Risen filed the summons instituting this action on July 28, 2022, *i.e.*, within 30 days of publication of the Final Results, serving notice of the action upon all other participants in the review on the same date. The first business day 30 days from July 28, 2022 is August 29, 2022. Accordingly, Risen is timely filing this complaint and has commenced this action within the time limits specified in 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3 of the Rules of this Court.

**Facts**

7. On February 4, 2021, the Department initiated the eighth administrative review of the antidumping duty order on Solar Cells from China. *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 8,166 (February 4, 2021) (Initiation Notice).

8. Based on Customs and Border Protection import data, the Department selected Risen and Jinko Solar Co., Ltd. ("Jinko"), the two companies accounting for the largest volume of entries, as mandatory respondents. *See* Dep't of Commerce, Memorandum re: *Respondent Selection* (February 25, 2021).

9. Because this was a nonmarket economy order, the Department generally does not use respondents' actual cost records to value its inputs, home market sales, and financial statements for the purposes of calculating the normal value (a special form of constructed value particular to nonmarket economy investigations). Rather, the Department selects surrogate values from a surrogate country.

10. In the Preliminary Results, the Department selected Malaysia as the primary surrogate country. Prelim. IDM at 23. However, the Department determined to rely on a Romanian import value for glass because the Romanian surrogate value did not require a unit of measurement conversion to be relied upon. Prelim. SV Memo at 3. The Department calculated a margin of 19.26 percent for Risen, 32.69 percent for Jinko, and 23.17 percent for the separate rate companies.

11. Plaintiff and the other parties argued that the Department should make certain changes to its surrogate value selections. Plaintiff argued that the Department's reliance on the Romanian surrogate value for glass is not supported by this particular record. The Department

3

has a long-standing practice of preferring to rely on all surrogate values in the primary surrogate country, Malaysia, and nothing on this record supports a finding that the Romanian glass value is more specific or reliable than the Malaysian glass surrogate value.

12.     Plaintiff also argued that the Department used the incorrect HTS as a surrogate value for its EVA and backsheet inputs and did not rely upon the best available information for ocean freight.  Plaintiff argued that not only did the Department rely on less specific ocean freight data from Maersk, but the Department's calculation methodology did not properly consider contemporaneity.

13.     In its Preliminary Results, the Department also applied adverse facts available ("AFA") to a portion of Risen's factors of production ("FOPs") for solar cells and modules that were supplied by producers unaffiliated to Risen.  During the review, Risen contacted all of its unaffiliated suppliers on at least two different occasions requesting that the companies provide their FOP data, explaining what data was required and how the Department would use the data.  Risen also explained that it would be unable to purchase any products from uncooperative companies in the future and would purchase only from cooperating suppliers.  Nevertheless, the unaffiliated cell and module suppliers refused to cooperate in the administrative review.  The Department found that the unaffiliated suppliers were uncooperative interested parties to the administrative review and that the missing FOP data was significant.  The Department therefore applied AFA to calculate consumption values for the missing FOP data by using Risen's highest consumption figures for the same inputs.  Notably, the Department also changed its AFA methodology from its normal practice in past reviews.

14.     In its case brief, Risen explained its full cooperation to obtain this data, argued the missing FOP data is not significant, and argued the Court precedent on this very issue does not

support applying AFA for the unreported cell or module FOPs. Risen also argued that the AFA calculation methodology was flawed and resulted in an overstatement of the AFA application.

15.     In the Final Results, the Department changed its surrogate value selection for aluminum inputs (an issue raised by Jinko), but made none of the changes described above as presented by Risen to the Department. After correcting certain ministerial errors, the Department calculated a final margin of 12.24 percent for Risen, 20.99 percent for Jinko, and 14.79 percent for the separate rate companies.

16.     This appeal ensued.

## COUNT I

17.     Plaintiff incorporates herein by reference paragraphs 1 through 16 above.

18.     The Department did not select the "best available information" for the glass surrogate value, contrary to 19 U.S.C. §1677b(c)(1). The Department's surrogate value choice was unsupported by substantial evidence. 19 U.S.C. §1516a(b)(1)(B)(i) (the Court shall hold unlawful Department decisions that are unsupported by substantial evidence). The Department's reliance on a Romanian surrogate value is not supported by the facts of this particular record and is contrary to the Department' long-standing practice of preferring to rely on all surrogate values in the primary surrogate country, Malaysia.

## COUNT II

19.     Plaintiff incorporates herein by reference paragraphs 1 through 18 above.

20.     The Department did not rely upon the best available information to value Risen's backsheet and EVA film inputs and therefore such decisions are unsupported by substantial evidence. *See* 19 U.S.C. §1677b(c)(1) (requiring the Department to rely upon the "best available information" for the surrogate values); 19 U.S.C. §1516a(b)(1)(B)(i) (the Court shall hold

unlawful Department decisions that are unsupported by substantial evidence).

## COUNT III

21. Plaintiff incorporates herein by reference paragraphs 1 through 20 above.

22. The Department's ocean freight source and averaging methodology was not the best available information to value ocean freight, such decisions are unsupported by substantial evidence.  *See* 19 U.S.C. §1677b(c)(1) (requiring the Department to rely upon the "best available information" for the surrogate values); 19 U.S.C. §1516a(b)(1)(B)(i) (the Court shall hold unlawful Department decisions that are unsupported by substantial evidence).  The Department relied upon a less specific source and its averaging methodology failed to appropriately account for contemporaneity.

## COUNT IV

23. Plaintiff incorporates herein by reference paragraphs 1 through 22 above.

24. The Department's application of AFA with respect to certain unreported FOPs of the cell and module suppliers is unsupported by substantial evidence and is not in accordance with the law.  19 U.S.C. § 1516a(b)(1)(B)(i) (the court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law . . ..").  Risen used its maximum efforts to persuade and induce its suppliers to cooperate.  The Department's findings that Risen had the power to induce all its suppliers to cooperate are unsupported by substantial evidence.  The Department's finding that it can legally penalize Risen for the non-cooperation of unaffiliated suppliers is also contrary to law, as developed in the jurisprudence of this Court and related appellate court decisions.

## COUNT V

25. Plaintiff incorporates herein by reference paragraphs 1 through 24 above.

26.     The Department's new methodology for applying AFA to certain unreported FOPs of the cell and module suppliers is unsupported by substantial evidence and is not in accordance with the law.  19 U.S.C. § 1516a(b)(1)(B)(i) (the court "shall hold unlawful any determination, finding, or conclusion found . . . to be unsupported by substantial evidence on the record, or otherwise not in accordance with law . . ..").  The Department's methodology was a departure from its past practice and resulted in a less accurate methodology that even further penalized the cooperating Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against the defendant:

(1) Declaring that the Department's glass surrogate value was unsupported by substantial evidence; and

(2) Declaring the Department's backsheet and EVA film surrogate value was unsupported by substantial evidence; and

(3) Declaring the Department's ocean freight source and averaging methodology was unsupported by substantial evidence; and

(4) Declaring the Department's AFA application with respect to unreported FOP data was unsupported by substantial evidence and not in accordance with the law; and

(5) Declaring the Department's AFA calculation methodology for the unreported FOP data was unsupported by substantial evidence and not in accordance with the law; and

(6) Providing any additional relief as may be just in the circumstances.

Respectfully submitted,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
Alexandra H. Salzman[*]
Vivien Jinghui Wang[**]
J. Kevin Horgan
**deKieffer & Horgan, PLLC**
1090 Vermont Ave., N.W.  20005, Suite 410
Tel: (202) 783-6900
email:  gmenegaz@dhlaw.com

Dated:  August 29, 2022

---

[*] Admitted to California Bar; practice supervised by attorneys of the firm who are active D.C. Bar members pursuant to D.C. Bar Rule 49(c)(8).
[**] Admitted to New Mexico Bar; practice limited to Federal International Trade Matters pursuant to D.C. Bar Rule 49(c)(2).